IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Cause No. 3:23-cv-712 _____

ROBERT LEE JONES, JR.,                                        Plaintiff,

   v.

MONOGRAM COMFORT FOODS, LLC,                                  Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

This is a civil action brought by Plaintiff, Robert Lee Jones, Jr. [Robert], against his former employer, Monogram Comfort Foods, LLC, [Defendant], because of practices which caused Robert to suffer discrimination in his employment based on his race and color in violation of federal discrimination laws.  Robert was allowed to suffer harassment, mental anguish, humiliation and diminishment of his quality of life after which he was terminated from Defendant's employment.  This caused him economic and personal injuries including lost employment opportunities, advancement, income and other benefits.

Plaintiff seeks redress for the discrimination practiced against Robert by Defendant's employees and agents because of Robert's well known and obvious personal characteristics of race and color. The discrimination Defendant repeatedly allowed to continue eventually ended by Robert's termination of employment by Defendant.

For his relief, Robert asks for injunctive relief and damages for his physical and mental injuries including lost income and extra expenses he has incurred, prejudgment and

postjudgment interest, litigation expenses, costs, and attorney fees.

## II. JURISDICTION AND VENUE

A. This action arises under the provisions of Title VII of the Civil Rights Act of 1964.

B. This Court has jurisdiction of this cause under the provisions of 28 USC §§1331 and 1343.

C. Venue is proper under 28 USC §1391 in that this action is being brought in the Northern District of the State of Indiana which is where Defendant does business and employed Robert and where the cause of action arises.

D. Declaratory and injunctive relief is authorized pursuant to 28 USC §§2201 and 2202 and Federal Rules of Civil Procedure, Rules 57 and 65.

E. Robert's Charge of Discrimination was filed with the Indiana Civil Rights Commission and the Equal Employment Opportunity Commission (EEOC) in Indianapolis as Charge Number 470-2023-02190 on April 13, 2023,  The EEOC issued its "Notice of Right to Sue" to Robert on April 29, 2023, which he received electronically or had knowledge of on that date or later.

## III. JURY DEMAND

Plaintiff requests that this matter be tried by jury as to damages.

## IV. PLAINTIFF

A. Robert is an individual who resided throughout his employment with Defendant and still resides in Bristol, Indiana.

B. Robert is an African-American which was well known and obvious to anyone who

-3-

worked with or knew him.

## V.  DEFENDANT

A.   Defendant, Monogram Comfort Foods, LLC,, does business in Indiana as a "foreign limited liability company" and:

    1.   Is duly registered to operate in Indiana by the Office of the Indiana Secretary of State;

    2.   Has at least fifteen employees; and

    3.   Operates at 605 Kesco Drive, Bristol, Indiana  46507-8980, where it employed Robert.

B.   At this business location, Defendant specializes in producing corn dogs and mini-corn dogs.

## VI.  UNDERLYING FACTS

A.   Sometime in May or June of 2022, Robert;

    1.   Was hired by Defendant to work in its packaging department.

    2.   Within a week into the job, Robert was offered a position;

    3.   As a smokehouse helper;

    4.   Paying more than he was to make in the packaging department.

B.   In July of 2022 on about the 12th, Robert;

    1.   Applied for an inventory management position;

    2.   Then was interviewed for the position;

   3. Received support from management and members of the HR department;

   4. In the form of letters of recommendation;

   5. Was notified he was being promoted to inventory management; and

   6. Even got a second promotion;

     a. Making $25 per hour

     b With an office.

   7. Robert had no infractions or attendance problems.

  C. On or about July 20, 2022, Robert;

   1. Approached his manager, Robin; and

   2, Told her that he was sick.

  D. Pursuant to Defendant's policy for the safety of employees and others, Robin :

   1. Should have sent him home, but instead;

   2. Told him she could not tell him what to do.

   3. Nearly all of the employees for Defendant are Hispanic;

   4. Are immediately sent home if sick per company policy; and

   5. Are not usually fired or disciplined.

   6. Likewise, the Hispanics routinely took breaks without being fired or disciplined.

  E. Robert, as a new hire, did not want to start out wrong;

   1. Elected to stay and work;

   2. Took his two scheduled breaks;

   3. Decided to get some food, rest and tough it out; and

    4.    Took a necessary bathroom break.

F.    On the morning of July 21, 2022, Robert was told to report to the Superintendent of the workplace;

    1,    Apparently to address Robert's illness and also injuries to his arms;

    2.    He was asked about his illness and the injuries in front of several managers;

    3.    Robert told them he could not lift his arms because he had had to lift heavy cases over his head repeatedly with no aids; and

    4.    Causing continuing pain that day in that job.

G.    The Superintendent told Robert to go home:

    1.    When Robert asked why;

    2,    The Superintendent said, "Because we don't like you."

    3.    Robert explained that he was starting a new position in a whole new area with a separate door; and

    4.    Would be out of their area soon.

    5.    The Superintendent said he would look into an early transfer because they did not want Robert where he was assigned.

    6.    Robert left and reported everything to Human Resources by voice mail because no one there would talk to him.

    7.    Robert also reported it to his new supervisors by e-mail.

    8.    A few days later someone from Human Resources called; and

    9.    Told Robert he was terminated because of the breaks he took.

    10.    Robert did not return.

  H.    Hispanic workers were treated differently than Robert:

      1.    They took the same breaks as Robert; and

      2.    If they were sick, were sent home pursuant to company policy.

  I.    The other attendees at the meeting with the Superintendent:

      1.    Were all Hispanic;

      2.    Each filed a report with Human Resources against Robert following the meeting;

      3.    Created a cumulative effect against Robert on the same facts; and

      4.    Without investigating the entire situation and numerous recommendation for Robert by other divisions of the business.

## VII.  CAUSE OF ACTION

The allegations above state a claim for relief based on the policies and practices of Defendant and its employees and agents which deprived Plaintiff of the rights and privileges guaranteed him by Title VII of the Civil Rights Act of 1964 because of his race and color in his employment affecting him adversely and creating a hostile work environment..

## VIII.  RELIEF REQUESTED

Plaintiff asks the Court to give Robert judgment for the discriminatory violations of federal law and the hostile work environment committed against him and grant the following relief for the injuries described in this Complaint which were all proximately caused by Defendant and its employees or agents:

  A.    Find and adjudge that Plaintiff is entitled to recover from Defendant money damages

to compensate Plaintiff for his pecuniary losses including back and front pay and his non-pecuniary injuries including physical pain, mental anguish, and humiliation.

    B.    Order Plaintiff be given fair and unbiased opportunities to work without any reference in his record and to his race and color.

    C.    Order that employees of Defendant not refer to his race for any reason and provide education and training for its employees to strengthen their resolve to actively enforce Defendant's Equal Employment Opportunity Policy, if any, and require training in how to prevent such events from happening again to Plaintiff or any other employee of any race or color.

    D.    Award attorney fees, litigation expenses and costs as allowed by law.

    E.    Grant prejudgment interest on any amounts awarded to Plaintiff as damages and post-judgment interest until any judgment is paid..

    F.    Set a date for a trial in this matter by jury as to damages and to the court as to equitable relief.

    G.    Grant any other relief determined necessary to do justice under the circumstances.

Respectfully submitted,
*/s/ John Emry*
John Emry, 8360-49
Attorney for Plaintiff
62 W. Jefferson Street
Franklin, IN  46131-2311
317-736-5800; 317-736-6070 (fax)
E-mail: johnemry1@yahoo.com

JE/jwe//JonesRobertComplaint